UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KEVIN J. MALARNEY,

                Petitioner,

      - against -

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-0854 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On October 1, 2009, petitioner Kevin Malarney was convicted in the United States District Court for the District of Connecticut for bribing a public official in violation of 18 U.S.C. § 201(b)(2)(C) and filing a false income tax return in violation of 26 U.S.C. § 7206(1). He was subsequently sentenced to twenty-four months incarceration followed by two years of supervised release. (Colvin Decl., Ex. C (Doc. No. 7) at 36.) On February 17, 2011, Malarney filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the adequacy of medical care he received at the Metropolitan Detention Center, Brooklyn, New York ("MDC"). On March 17, 2011, petitioner was transferred from the MDC to FMC Devens, a facility located in north central Massachusetts that specializes in housing male offenders who require long-term medical care. (Resp. Br. (Doc. No. 6) at 2.) On December 9, 2011, petitioner was released from custody. Inmate Register No. 15871-014. For the reasons that follow, the petition is moot and is dismissed in its entirety.

## DISCUSSION

"A motion pursuant to [Title 28 U.S.C. Section 2241] generally challenges the execution of a federal prisoner's sentence, including such matters as . . . prison conditions." *Jiminian v.*

*Nash*, 245 F.3d 144, 146 (2d Cir. 2001). "Petitions challenging the medical treatment afforded during confinement are properly brought as Section 2241 habeas petitions." *Allen v. Lindsay*, No. 09-CV-1283 (KAM), 2010 WL 5067907at *2. Petitioner challenges the medical treatment that he received at the MDC following surgery on his knee and shoulder and seeks "home confinement for the remainder of [his] sentence to receive the proper medical care." (Pet. (Doc. No. 1) at 2.) His petition is therefore properly brought as a Section 2241 habeas petition.

All litigants in federal court must satisfy the case-or-controversy requirement of Article III of the Constitution to be eligible for relief, and a case that fails to do so at any stage of the proceedings must be dismissed as moot. U.S. Const. Art. III, § 2; *Kamgagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004). To avoid mootness, habeas petitioners who are no longer in custody "must demonstrate a concrete and continuing injury that is a collateral consequence of detention." *Sanders v. USA*, No. 10 Civ. 1285(BMC), 2010 WL 1438808, at *1 (E.D.N.Y. April 8, 2010) (citing *Spencer v. Kemna*, 523 U.S. 1, 13-14 (U.S. 1998)); *see also Sash v. Laird*, No. 06-CV-6052 (LB), 2008 WL 2816019, at *2 (E.D.N.Y. July 21, 2008) ("To avoid having the petition dismissed as moot, the petitioner bears the burden of demonstrating some concrete and continuing injury sufficient to create an Article II case or controversy."). Petitioner is no longer in federal custody and has not alerted the Court that he suffers as a result of any collateral consequence of his treatment at the MDC. Therefore, the petition must be dismissed as moot.[1]

---

[1] Leaving issues of custody aside, "[i]t is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). This is the case "even if the Section 2241 habeas petition was properly filed in the district of confinement prior to the transfer." *Allen*, 2010 WL 5067907at *2. Petitioner's claim for injunctive relief against the MDC was therefore rendered moot when he was transferred from the MDC to FMC Devens on March 17, 2011. *See Hill v. Zenk*, 115 Fed. App'x 97, 97 (2d Cir. 2004) (dismissing as moot a petition seeking injunctive relief against a facility in which the petitioner concededly was no longer incarcerated). Because the petition is moot, the Court finds it unnecessary to address respondent's arguments regarding petitioner's exhaustion of administrative remedies. (Resp. Br. at 2-4, 6-8.)

## CONCLUSION

For the reasons set forth herein, the petition for a writ of habeas corpus is moot and is DISMISSED in its entirety. The Clerk of Court is directed to send a copy of this Memorandum and Order to petitioner, and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 18, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge